IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTATE OF JOHN MARTIN CAMPBELL, Deceased, by and through JAMES WILLIAM MCFARLAND, JR., Executor, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 2:25-cv-109-ECM <br> [WO] |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

John Martin Campbell (the "decedent") died on September 24, 2023. Before his death, he owned an annuity policy (the "Policy") issued by Metropolitan Life Insurance Company ("MetLife"). The decedent's estate (the "Estate") sued MetLife and Lewis Straughn ("Straughn"), one of MetLife's agents, in Alabama state court, asserting state law claims for breach of contract, bad faith refusal to pay, fraud, and negligence. (Doc. 1-1). MetLife removed the case to this Court. (Doc. 1). MetLife is a New York citizen, and both the Estate and Straughn are Alabama citizens.[1] MetLife asserted that the Estate fraudulently joined Straughn to the action to defeat diversity jurisdiction in federal court. To date, there is no evidence in the record that Straughn has been served.

---

[1] The Estate is an Alabama citizen because the decedent was an Alabama citizen. *See* 28 U.S.C. § 1332(c)(2).

On August 14, 2025, the Magistrate Judge recommended that this case be remanded back to state court for lack of subject matter jurisdiction. (Doc. 35). The Estate and MetLife each filed objections to the Recommendation (docs. 39, 40), and the Estate also filed a motion to clarify (doc. 38) directed at the Recommendation.

The Court has carefully reviewed the Magistrate Judge's Recommendation, the parties' objections, and the entire record. For the following reasons, the Court concludes that the parties' objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted as modified, and this case is due to be remanded to state court.

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the

2

record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

### III.  BACKGROUND

As indicated above, the Estate's original state court complaint against MetLife and Straughn asserted claims for breach of contract, bad faith refusal to pay, fraud, and negligence. (Doc. 1-1). According to the Estate, MetLife represented to the decedent that the Policy provided lifetime income payment for a guaranteed period, and lifetime income payments for two persons with guaranteed payments under certain conditions. The Estate further alleged that, despite these representations, MetLife refused to pay the Policy proceeds to the Estate or the named beneficiaries, claiming the "existence of a 'waiver' eliminating residual payments." (Doc. 1-1 at 4, para. 11). The Estate contended that such waiver does not exist, and that MetLife has failed to produce any documentation of it. According to the Estate, a "Supplementary Agreement" allegedly provided that the Policy would pay nothing after the decedent's death, which is inconsistent with what the decedent wanted and was not agreed to by the decedent. (*Id.* at 4–5, para. 14). The Estate claimed that this "Supplementary Agreement" has not been produced and is "completely inconsistent with what MetLife Agent Lewis Straughn knew the facts to be." (*Id.*). The Estate also alleged that the Defendants—MetLife and Straughn—"fraudulently . . . failed to ensure the policy was properly administered consistent with [the decedent's]

---

[2] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

instructions," and that the Defendants' "misrepresentations regarding the policy terms and the alleged waiver further caused harm to [the Estate]." (*Id.* at 6).

After MetLife removed the case, the Estate filed a motion to remand (doc. 9), and MetLife filed a motion to dismiss (doc. 11). The Estate later filed a second motion to remand (doc. 28) and then filed an amended complaint (doc. 33). Like the original complaint, the amended complaint names MetLife and Straughn as defendants. (*See generally id.*). The amended complaint adds numerous factual allegations but continues to assert only state law claims.

On August 14, 2025, the Magistrate Judge recommended that this case be remanded back to state court for lack of subject matter jurisdiction. (Doc. 35). Relying on the United States Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the Magistrate Judge recommended remand because the Estate filed an amended complaint which still named a nondiverse defendant—Straughn—and thus the Court lacks subject matter jurisdiction over the case. The Recommendation essentially treated the fraudulent joinder issue as moot based upon the filing of the amended complaint in this Court.

### IV.  DISCUSSION

Both the Estate and MetLife filed objections to the Recommendation. (Docs. 39, 40). The Estate also filed a motion to clarify (doc. 38) directed at the Recommendation. The Court will begin with the Estate's objections (doc. 40) and motion (doc. 38) before turning to MetLife's (doc. 39).

4

### A. The Estate's Objections and Motion to Clarify

The Estate objected to the extent that the Magistrate Judge issued a recommendation and not an order of remand, asserting that the parties had consented to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1). (Doc. 40). The Estate also filed a "motion to clarify" in which it sought, among other things to "clarify or modify" the Magistrate Judge's Recommendation "to show that it is a final Order, not a Recommendation." (Doc. 38 at 11).

"Upon consent of the parties," a United States Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). But as indicated above, one of the named Defendants, Straughn, has not been served. The Court was unable to locate a binding decision from the Eleventh Circuit addressing whether a magistrate judge may exercise jurisdiction under § 636(c)(1) when one or more parties have not been served. But there is some "authority for the proposition that because § 636(c)(1) requires the 'consent of the parties,' jurisdiction . . . only vests in the Magistrate Judge when *all parties named in a complaint have consented*—even if those parties have not yet been served." *Brewster v. Muscogee Cnty. Superior Ct.*, 2021 WL 11728235, at *4 n.1 (M.D. Ga. June 1, 2021) (emphasis added), *report and recommendation adopted*, 2021 WL 11728173 (M.D. Ga. Jul. 13, 2021); *see also Coleman v. Labor & Indus. Review Comm'n of Wisc.*, 860 F.3d 461, 464, 475 (7th Cir. 2017) (holding that a magistrate judge lacks the authority to exercise jurisdiction under § 636(c)(1) "unless all parties to the action have consented," including unserved parties). Upon *de novo* review, the Court finds that the Magistrate Judge

5

appropriately issued a recommendation rather than an order.[3] Consequently, the Estate's objections are due to be overruled, and its motion to clarify is due to be granted to the extent that the Court confirms that the Magistrate Judge appropriately issued a recommendation and not an order.

## B. MetLife's Objections

MetLife first objects on the grounds that the Magistrate Judge purportedly erred in ignoring the fraudulent joinder issue simply because the Estate filed an amended complaint. MetLife argues that *Royal Canin* does not support the Recommendation's conclusion, and that *Royal Canin* did not abrogate earlier Eleventh Circuit caselaw directing federal district courts to assess fraudulent joinder "based upon the plaintiff's pleadings at the time of removal." *See, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (explaining that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal" (alteration in original) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998))). MetLife also raises a new argument that the Estate's negligence and fraud claims did not survive the decedent's death.

In *Royal Canin*, the United States Supreme Court held that when a plaintiff, after removal to federal court, amends her complaint to delete all federal law claims and leaves only state law claims, the district court "loses its supplemental jurisdiction" over the state

---

[3] Based on the Court's research, it is also an open question in the Eleventh Circuit whether a magistrate judge may, absent consent, remand a case by order rather than recommendation, although other circuits have concluded that magistrate judges *may not* enter remand orders. *See, e.g.*, *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762–65 (5th Cir. 2016).

law claims, and the case must "return to state court." 604 U.S. at 25–26. The Court ultimately need not, and does not, resolve the issue of whether the fraudulent joinder issue became moot when the Estate filed an amended complaint in this Court. As explained further below, accepting MetLife's position and evaluating whether Straughn was fraudulently joined based on the Estate's complaint at the time of removal, this case is nonetheless due to be remanded because MetLife has not met its burden to prove fraudulent joinder.

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action initially filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, federal jurisdiction exists—and removal is proper—if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a)(1), 1441(a); *Caterpillar Inc.*, 482 U.S. at 392. "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly," and all doubts about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

The removing defendant's burden to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). The defendant must prove by clear and convincing evidence "that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (quoting *Crowe*, 113 F.3d at 1538). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (citation omitted).

The pleading standard for surviving fraudulent joinder "is a lax one." *Id.* at 1332–33. Rather than the plausibility standard, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff can defeat an assertion of fraudulent joinder by showing that their complaint has "a possibility of stating a valid cause of action," *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "In considering *possible* state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" *Legg*, 428 F.3d at 1325 n.5 (emphasis in original) (citation omitted). In other words, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Id.* (citation omitted). Moreover, any uncertainties about state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

To determine whether the complaint possibly states a valid cause of action, this Court must look to the "pleading standards applicable in state court"—not federal court. *Id.* at 1334. The Alabama Supreme Court has explained that "a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Haywood v. Alexander*, 121 So. 3d 972, 974–75 (Ala. 2013) (citation omitted). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 (11th Cir. 2007).

The Alabama Supreme Court has recognized that a fraudulent misrepresentation claim may lie against an insurance agent arising out of the agent's misrepresentations about policy funds that would be payable upon the insured's death. *See Maloof v. John Hancock Life Ins. Co.*, 60 So. 3d 263, 268 (Ala. 2010) (denying summary judgment to insurance agent on the plaintiffs' fraudulent misrepresentation claim premised in part on allegation that the agent misrepresented that the insurance policies at issue "would provide funds that would be available to pay the estate taxes due upon [the insured's] death"). MetLife does not argue otherwise but instead contends that the Estate's fraud claim against Straughn is inadequately pleaded. To succeed in showing fraudulent joinder, MetLife must show that "it appears beyond doubt that [the Estate] can prove no set of facts in support of [its] [fraud] claim that would entitle [the Estate] to relief." *See Haywood*, 121 So. 3d at 974–75 (citation omitted). In its complaint, the Estate alleged that the Defendants—MetLife and

9

Straughn—"fraudulently . . . failed to ensure the policy was properly administered consistent with [the decedent's] instructions," and that the Defendants' "misrepresentations regarding the policy terms and the alleged waiver further caused harm to [the Estate]." (Doc. 1-1 at 6). Moreover, the Estate alleged that the "Supplementary Agreement" upon which MetLife purportedly relied in refusing to pay the Policy proceeds was "completely inconsistent with what [Straughn] knew the facts to be." (*Id.* at 4–5, para. 14). On this record, MetLife has not shown "beyond doubt" that the Estate can prove *no set of facts* that would entitle the Estate to relief on its fraud claim. *See Haywood*, 121 So. 3d at 974–75. Thus, MetLife has not met its "heavy burden" to prove fraudulent joinder. *See Stillwell*, 663 F.3d at 1332.

In its objections, MetLife argues—for the first time—that the Estate's fraud claim did not survive the decedent's death. After carefully reviewing the record, the Court finds that MetLife did not first present this argument to the Magistrate Judge. "[T]o require a district court to consider evidence [or argument] not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (citation omitted). For that reason, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Id.* Because MetLife's argument regarding survivability was not presented to the Magistrate Judge, the Court in its discretion declines to consider it.

Because MetLife has failed to prove fraudulent joinder, complete diversity of citizenship is lacking. Therefore, the Court concludes that it lacks subject matter jurisdiction over this action, and this case is due to be remanded.[4]

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. MetLife's objections (doc. 39) are OVERRULED;

2. The Estate's objections (doc. 40) are OVERRULED;

3. The Estate's motion to clarify (doc. 38) is GRANTED as set forth herein;

4. The Recommendation of the Magistrate Judge (doc. 35) is ADOPTED as modified;

5. This case is REMANDED to the Probate Court of Montgomery County, Alabama;

6. The motions to remand (docs. 9, 28) are DENIED as moot.

The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand of this case to the Probate Court of Montgomery County, Alabama.

DONE this 16th day of January, 2026.

                                               /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because the Estate's complaint possibly states a viable fraud claim under Alabama law, the Court pretermits discussion of the other claims. *See Stillwell*, 663 F.3d at 1333 (explaining that there is no fraudulent joinder if there is "a possibility that a state court would find that the complaint states *a* cause of action against any one of the resident defendants" (emphasis added) (citation omitted)); *see also Waits v. Kubota Tractor Corp.*, 2019 WL 4917903, at *4 n.4 (N.D. Ala. Oct. 4, 2019) (similarly declining to address the plaintiff's other claims given the court's conclusion that two of the claims possibly stated a valid cause of action).